IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br>v.<br>LEONEL QUIROZ-OLVERA,<br><br>     Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTIONS TO SUPPRESS<br><br>Case No. 2:11-cr-811-DN-PMW<br><br>District Judge David Nuffer |

   On July 22, 2015, the court held a hearing on Defendant Leonel Quiroz-Olvera's Motions to Suppress.[1] At the beginning of the hearing the prosecutor clarified the issues for the hearing with defense counsel and the court. All parties agreed that the earlier motion challenged whether the Miranda warning given and the voluntariness of Mr. Quiroz-Olvera's statements. The parties further agreed that the recently filed supplemental motion alleged that the officers lacked probable cause to arrest Mr. Quiroz-Olvera and therefore his statements may have been the result of an illegal arrest.

   After final argument by counsel, and before the court made findings on the record, defense counsel requested additional briefing on whether enough evidence was provided to conclude that Mr. Quiroz-Olvera had been apprised of his Miranda rights. A ruling was made on the record, but additional briefing was permitted for the limited issue raised.

   On the hearing record, the motion to suppress was denied because the arrest was lawful and supported by significant probable cause. Because it was a lawful arrest, the statements Mr. Quiroz-Olvera made during the interrogation were not the fruit of an illegal arrest. A further

---

[1] Motion to Suppress, docket no. 299, filed June 29, 2012; Motion to Suppress (Illegal Arrest), docket no. 908, filed June 29, 2015.

finding was entered that the Miranda warning was given before any substantive interrogation and that after the warning Mr. Quiroz-Olvera consented to proceed and answer questions. This resolved the disputed testimony about timing of the warning.

The court record also includes findings, subject to later submission by the parties on Tenth Circuit case law, that the officer's testimony that he gave the warning in Spanish from his DEA Miranda card (referred to as DEA form 13A) provided sufficient evidence that the Miranda warning was given. Subsequently, the parties submitted supplemental memoranda[2] regarding the sufficiency of the evidence to establish that a valid Miranda warning had been given, as found on the record. Defendant claimed that the card should have been admitted or read into evidence.

After careful review of the supplemental memoranda submitted by the parties, the findings and denial of the motions to suppress stand. Mr. Quiroz-Olvera's memorandum cited one case from within the Tenth Circuit, issued in 1992 by the district court in the District of Colorado.[3] That court found that "only with specific testimony can the court decide whether the officers convey *all* the proper warnings and whether the statement in question was admissible."[4]

The government provided a much more recent and applicable Tenth Circuit decision where it "decline[d] to establish a bright line rule in this circuit whereby a trial court's denial of a motion to suppress may be overturned based solely on the lack of specific testimony at the suppression hearing."[5] The Tenth Circuit found that the trial court did not err in crediting the arresting officer's version of the events rather than Defendant's claim that the warning had not been given. The Court also found that the trial court did not err "in drawing the reasonable

---

[2] Supplemental [sic] Briefing on Miranda Warning Issue, docket no. 923, filed July 23, 2015; Defendant's Supplemental Brief on Miranda Issue, docket no. 925, filed July 29, 2015.

[3] U.S. v. Gilmer, 793 F.Supp. 1545 (D. Colo. 1992).

[4] Id. at 1555-56.

[5] U.S. v. Muniz, 93 F. App'x 208, 210 (10th Cir. 2004).

inference, in the absence of any allegation to the contrary, and in light of its finding that the officer read the warnings from a pre-printed Miranda card, that the warnings given were indeed the standard Miranda warnings."[6] In that case, where the issue regarding sufficiency of the evidence of Miranda warnings is nearly identical to this one, the Tenth Circuit found that:

> The fact that neither the government nor [Defendant's] attorney asked the officer to read the warnings printed on the card or otherwise explain the content of the warnings given indicates to us that the primary dispute here was not over the content of the warnings but over whether any warnings had been given at all.[7]

Mr. Quiroz-Olvera disputed the delivery of the Miranda warning and the timing of the warning. The findings on the record at the hearing stand: Mr. Quiroz-Olvera was given the proper Miranda warning before any substantive questioning occurred after his lawful arrest.

## ORDER

Based upon the findings made on the record at the hearing, and after full consideration of the supplemental memoranda by the parties, the motions to suppress[8] are DENIED.

Signed August 7, 2015.

BY THE COURT

_____
District Judge David Nuffer

---

[6] *Id.* at 210-11.

[7] *Id.* at 210.

[8] Docket nos. 299 and 908.